UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ZHEN DI-GU, | : | CIVIL CASE NO. |
|     Plaintiff, | : | |
| | : | |
| | : | |
| VS. | : | |
| | : | |
| YALE UNIVERSITY, | : | |
|     Defendant. | : | JUNE 24, 2005 |

# COMPLAINT

### I. PRELIMINARY STATEMENT

1. This action seeks declaratory, injunctive and equitable relief and compensatory damages and costs and attorney fees for the national origin, ancestry and race discrimination suffered by the plaintiff when the defendant, his employer, refused to upgrade the plaintiff's position on account of the plaintiff's race, ancestry and national origin.

### II. JURISDICTION

2. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

3. Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4) and Title 42 U.S.C. §2000e-5(f).

4. The plaintiff also invokes this Court's supplemental jurisdiction over the plaintiff's claims arising under the statutory law of the State of Connecticut.

5. All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), have occurred or have been complied with in the following manner:

    a. A charge of employment discrimination on the basis of national origin, race and ancestry was filed on January 15, 2004, with the State of Connecticut Commission on Human Rights and Opportunities, which filing was within 180 days of the commission of the unlawful employment practices alleged herein; and

    b. A charge of employment discrimination on the basis of national origin, race and ancestry was filed on or January 15, 2004, with the United States Equal Employment Opportunity Commission, which filing was within 180 days of the commission of the unlawful employment practices alleged herein; and

    c. By letter dated June 3, 2005, the plaintiff was issued a "Notice of Right to Sue" by the United States Equal Employment Opportunity Commission (a copy of which is attached and is labeled Exhibit 1).

    d. On May 3, 2005, the State of Connecticut, Commission on Human Rights and Opportunities provided the plaintiff with a "Release of Jurisdiction" (a copy of which is attached and is labeled Exhibit 2).

6. Declaratory, injunctive and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202 and Title 42 U.S.C. §2000e-5(g).

7. Compensatory damages are sought pursuant to Title 42 U.S.C. §1981a.

8. Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k), and Title 42 U.S.C. §1988.

9. The plaintiff also invokes the supplemental jurisdiction of this Court over his state law claims arising under the statutory law of the State of Connecticut.

### III. <u>VENUE</u>

10. This action properly lies in the District of Connecticut pursuant to Title 29 U.S.C. §1391(b) because the claim arose in this judicial district, and pursuant to Title 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practice was committed in this judicial district.

### IV. <u>PARTIES</u>

11. The plaintiff is a citizen of the United States and resides in Orange, Connecticut.

12. The plaintiff is of Chinese ancestry, having been born in China.

13. For demographic purposes, the plaintiff is identified as Asian.

14. The defendant, Yale University, is a corporation organized under the laws of the State of Connecticut and has a principal place of business in New Haven, Connecticut.

15. The defendant is an employer which engages in an industry affecting commerce and, upon information and belief, employs more than 15 regular employees.

16. The defendant is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

17. The defendant is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

## V. STATEMENT OF FACTS

18. The plaintiff immigrated to the United States from Beijing, China in 1983.

19. The plaintiff is a citizen of the United States of America.

20. The plaintiff had been employed by the defendant since January of 1987, working in its Library Circulation Department, assigned to the evening shift, 3:45 p.m. to 12:15 a.m., Sunday through Thursday, for seventeen years.

21. The plaintiff possesses two college degrees, one from China, where he majored in German language and literature, the other from Amherst College, where he majored in Economics.

22. Positions at Yale University are ranked A, B, C, and D; D being the highest classification.

23. For seventeen years of his employment with the defendant, the plaintiff was assigned a classification of "B" by the defendant.

24. The plaintiff during his seventeen years of employment with the defendant has never been upgraded from the "B" classification.

5

25. In comparison to the plaintiff, the non-Chinese employees of the Library Circulation Department, who had less seniority and less education than the plaintiff, have each been upgraded on one or more occasions.

26. The defendant has adopted a continuing course of conduct over the seventeen years of the plaintiff's employment of denying the plaintiff work assignments beyond his "B" classification, which would have qualified him for an upgrade in his job classification.

27. The defendant has continually discriminated against the plaintiff throughout the course of his employment in the terms and conditions of his employment, including but not limited to denying him higher job level assignments, job upgrades and promotions.

28. Similarly situated employees not in plaintiff's protected group, non-Chinese employees, were provided higher level job assignments, job upgrades and other employment opportunities on an on-going basis.

29. The plaintiff had experienced continuing denial of higher level job assignments, job upgrades and other employment opportunities from 1987 to October of 2004 when he quit his job in the face of the defendant's continuing discrimination.

30. A prominent means of being upgraded to a higher level, with more advantageous pay and benefits, was to receive work assignments above one's classification.

31. From 1987 to October of 2004, the plaintiff was continually overlooked and bypassed for work assignments beyond his "B" classification.

32. In February of 2000, the defendant upgraded a similarly situated employee, Dexter Banks, for the second time from a "B" classification to a "C" classification as the day time circulation department lead person.

33. The plaintiff expressed his dissatisfaction with the evident unfairness involved in the upgrading of Dexter Banks and denying the plaintiff the same opportunities.

34. The defendant attempted to excuse its unfairness by asserting that Dexter Banks has requested and been given more C level work to perform.

35. Although the plaintiff had requested higher classification work to perform, his requests had repeatedly been ignored by the defendant.

36. The defendant's unfair treatment of the plaintiff forced the plaintiff's career with the defendant to stagnate while the careers of non-Chinese employees, similarly situated to the plaintiff, advanced.

37. In April of 2003, the defendant not only denied the plaintiff assignments at a higher classification but forced the plaintiff to perform lower classification "A" work.

38. Commencing in April of 2003, the defendant required the plaintiff to stack and shelve books and journals every evening.

39. Such work was classified as an "A" level and was usually performed by students and "A" level staff.

40. Over the course of his employment with the defendant, the plaintiff never performed routine shelving.

41. The plaintiff has been the only employee in the Library Circulation Department who has consistently been assigned lower level work to perform.

42. In July of 2003, the plaintiff once again requested that the defendant upgrade his position to a "C" classification.

43. The defendant denied the plaintiff's request, asserting that there was no justification to upgrade the plaintiff's classification since he did not perform "C" level work.

8

44. The defendant has barred the plaintiff from a higher classification by discriminatorily refusing to provide the plaintiff with higher classification work assignments.

45. As a result of the intentional discriminatory acts of the defendant, the plaintiff's career stalled while the careers of non-Chinese employees, who were similarly situated to the plaintiff, advanced.

46. At all times relevant, the plaintiff was fully capable and qualified to perform level "C" work.

47. The plaintiff requested, on a continuing basis, up and through the time he left his job with the defendant, the opportunity to perform level "C" work.

48. The plaintiff requested in July of 2003, that his position be upgraded to a "C" classification, which request the defendant denied.

49. The denial of the plaintiff's request for a change in his job classification was motivated by national origin, ancestry and/or race discrimination.

50. There does not exist a legitimate non-discriminatory reason for the defendant's refusal to provide the plaintiff with work assignments that would have made him eligible for a job reclassification.

VI. **FIRST CAUSE OF ACTION (National Original, Race and Ancestry Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as Amended)**

51-100. Paragraphs 1 through 50 are hereby made Paragraphs 51 through 100 of this, the First Cause of Action.

101. Because the plaintiff's national origin, ancestry and race were motivating factors and made a difference in the decision by the defendant to deny the plaintiff with higher level job assignments, job upgrades and other employment opportunities from 1987 to October of 2004, the defendant has violated the provisions of Title VII of the Civil Rights Act of 1964, as amended.

VII. **SECOND CAUSE OF ACTION (VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT)**

102-151. Paragraphs 1 through 50 are hereby made Paragraphs 102 through 151 of this, the Second Cause of Action.

152. The actions of the defendant violate the provisions of the Connecticut Fair Employment Practices Act, § 46a-60(a)(1) of the Connecticut General Statutes.

## VIII. PRAYER FOR RELIEF

**WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:**

### A. As to the Plaintiff's First Cause of Action:

(1) Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights guaranteed to him by Title VII of the Civil Rights Act of 1964, as amended;

(2) Enjoin the defendant from engaging in such conduct;

(3) Award the plaintiff equitable relief of back pay and fringe benefits up to the date of judgment, together with prejudgment interest for the entire period;

(4) Award the plaintiff compensatory and punitive damages;

(5) Award the plaintiff costs and attorney fees;

(6) Grant such other and further relief as the Court may deem just and proper.

### B. As to Plaintiff's Fifth Cause of Action:

(1) Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights guaranteed to him under the provisions of the Connecticut Fair Employment Practices Act;

(2) Enjoin the defendant from engaging in such conduct;

(3) Award the plaintiff equitable relief of back pay and fringe benefits up to the date of judgment, together with prejudgment interest for the entire period;

11

(4)  Award the plaintiff compensatory and punitive damages;

(5)  Award the plaintiff costs and attorney fees;

(6)  Grant such other and further relief as the Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – ZHEN-DI GU

By: _____
Thomas W. Bucci
Fed. Bar. #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT  06604
Tel: (203) 366-3939
Fax: (203)337-4588
Email:thomasbucci@earthlink.net



EXHIBIT 1

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Zhen-Di Gu<br>622 Cedar Grove<br>Orange, CT 06477 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2004-00649 | Rance A. O'Quinn,<br>Enforcement Supervisor | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

Robert L. Sanders,
Area Office Director

JUN 3 2005

*(Date Mailed)*

Enclosure(s)

cc: YALE UNIVERSITY
333 Cedar Street
New Haven, CT 06511

Thomas W. Bucci
Willinger, Willinger & Bucci, P.C.
Attorneys At Law
855 Main Street
Bridgeport, Connecticut 06604



EXHIBIT 2

COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

FORM 500(3)

## RELEASE OF JURISDICTION

COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES, ex rel.

Zhen-di Gu
Complainant

vs.

Yale University
Respondent

Date: May 3, 2005

CCHRO CASE NO.: 0430362
EEOC CASE NO.: 16aa400649

### RELEASE OF JURISDICTION

Pursuant to Complainant's and/or Complainant's attorney(s) request dated **April 29, 2005**, the Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above numbered and captioned complaint in accordance with Section 46a-101 of the Connecticut General Statutes. Also, in accordance with Section 46a-100, C.G.S. Complainant is hereby authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the Hartford-New Britain judicial district.

**Please be advised that, pursuant to CONN. GEN. STAT. §46a-103, the Complainant or Complainant's attorney must serve on the Commission, at 21 Grand Street, Hartford, Connecticut 06106 at the same time all other parties are served, a copy of any civil action filed pursuant to this release. The Commission must be so served because it has a right to intervene in any action filed based on a release of jurisdiction.**

In granting this release, the Commission expressly finds, in accordance with Sections 46a-100 and 46a-101(b) of the C.G.S., that all conditions precedent to the issuance of the release of jurisdiction have been complied with inasmuch the complaint was timely filed in accordance with 46a-82 of the C.G.S. and the complaint has been pending for a period of not less than 210 days, inasmuch as it was filed on **January 15, 2004** and is still pending on **May 3, 2005,** a period in excess of two hundred and ten (210) days.

Rev. 2/6/02

Moreover, there is no reason to believe that the complaint will be resolved within a period of thirty (30) days from **April 29, 2005**, the date the Commission received Complainant's request for the Release of Jurisdiction, nor is the complaint currently scheduled for public hearing. [see Section 46a-101(c) of the Connecticut General Statutes].

<u>The complainant must bring an action in Superior Court within ninety (90) days of receipt of this release and within two (2) years of the date of filing the complaint with the Commission.</u> The Superior Court shall have such authority as is conferred upon it by Section 46a-104 of the C.G.S., and other laws of the State of Connecticut.

Concurrently, with the issuance of this Release of Jurisdiction, the Commission hereby administratively dismisses this complaint in accordance with Section 46a-101(d) the Connecticut General Statutes. Furthermore, said dismissal is not subject to administrative judicial review.

R. Hamisi Ingram
Executive Director

By: *(signature)*
Donald E. Newton
Chief of Field Operations

Dated and entered of record in the Commission's Administrative Office in Hartford, Connecticut on this <u>3rd</u> day of <u>May, 2005</u>.

cc: Complainant: Zhen-di Gu
    Receipt for Certified Mail 7003 2260 0006 5926 6956
    Complainant's Attorney: Attorney Thomas W. Bucci
    Respondent(s): Personnel Department, Yale University
    Respondent's Attorney: Attorney Jonathan Clune
    Regional Manager: Cheryl Sharp, Regional Manager
    West Central Regional Office

Rev. 2/6/02