UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ZHEN DI-GU,

    Plaintiff

v.                                                    CIV. NO. 3:05CV1037(SRU)

YALE UNIVERSITY,

    Defendant                                    JULY 21, 2006

## DEFENDANT'S OBJECTION TO, AND MOTION FOR RECONSIDERATION OF AND TO VACATE COURT'S DECISION GRANTING, PLAINTIFF'S MOTION TO AMEND COMPLAINT

The Defendant, Yale University ("Yale"), hereby submits this Objection to, and Local Rule 7(c) Motion for Reconsideration and to Vacate the Court's July 10, 2006 decision granting, the Motion to Amend Complaint filed by the plaintiff, Zhen-di Gu, on July 6, 2006.  The Court granted the plaintiff's motion to amend prior to the expiration of the defendant's time to object to the motion.  Therefore, the defendant hereby objects and moves for reconsideration of and

**ORAL ARGUMENT REQUESTED**

to vacate the Court's decision granting the plaintiff's motion to amend[1] on the grounds that the plaintiff failed to support its motion with any explanation for its lengthy delay in bringing this new claim under Section 1981, and because said amendment will cause the defendant to suffer undue prejudice and further delay the proceedings in this case.

## INTRODUCTION

The plaintiff filed his amended complaint on July 12, 2006, which is more than one year after his original complaint was filed on June 28, 2005, and more than two years after he filed his complaint with the Connecticut Commission on Human Rights and Opportunities ("CCHRO") on January 15, 2004.  Notably, in the parties' planning report submitted pursuant to Fed.R.Civ.P. 26(f), the parties agreed to a deadline of October 1, 2005 for all amendments to the pleadings.  The plaintiff's motion to amend his complaint, filed more than nine months beyond this deadline, sought to add an additional cause of action claiming unlawful race and color discrimination under 42 U.S.C. § 1981, and sought additional relief of compensatory and punitive damages for this claim on the basis of reckless indifference and malice.

---

[1] See McCarthy v. Dun & Bradstreet Corp., 372 F.Supp.2d 694  (D.Conn., 2005).

The plaintiff concedes in his motion that his claims under Title VII are time-barred, and that the impetus for the requested amendment was to take advantage of its liberal limitations period.  Significantly, the plaintiff failed to provide any explanation—indeed, there is none that exists—for his delay in filing this new and independent claim.  Section 1981 is not an obscure cause of action of which the plaintiff may claim ignorance, which would not justify the resulting prejudice suffered by the defendant in any event.  Likewise, the plaintiff cannot point to any new facts or circumstances to would explain his failure to include a Section 1981 claim in the first instance.

The plaintiff's motion to amend his complaint should not have been granted because it is unduly prejudicial to Yale and the plaintiff has not set forth *any* justification or explanation for his delay in bringing the Section 1981 claim.  As such, this Court should vacate its decision granting the plaintiff's motion to amend and deny said motion upon reconsideration.[2]

---

[2] Plaintiff concedes that his present claims fall outside the limitations period, justifying the dismissal of those claims.  He could attempt to file a new lawsuit under Section 1981 if he so desired, and the three-year statute of limitations for this claim would properly be measured from the date of that complaint.  Any other result would severely prejudice the defendant because the plaintiff is obviously attempting to have the Section 1981 claim relate back to the filing of the instant complaint, thereby attempting to extend the relevant period of time at issue for this belated claim.

LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading "once as a matter of course at any time before a responsive pleading is served." After a responsive pleading has been served, however, litigants may amend a pleading "only by leave of court or by written consent of the adverse party." Messier v. Southbury Training School, 1999 WL 20907, at *2 -3 (D.Conn. Jan. 5, 1999) (Burns, J.) (copy attached). This Court plainly has discretion to deny leave to amend where, as here, the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant. McCarthy v. Dun & Bradstreet Corp., 372 F.Supp.2d 694, 700 (D.Conn., 2005). The burden is on the party who wishes to amend to provide a satisfactory explanation for the delay. Id.

Courts are also free to conclude that ignorance of the law is an unsatisfactory excuse. See Goss v. Revlon, Inc., 548 F.2d 405, 407 (2d Cir.1976). In addition, "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action. . . . While mere delay, absent a showing of bad faith or undue prejudice, does not provide a

basis for denial of leave to amend . . . the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.1993)." (Citations omitted; internal quotation marks omitted.) Messier v. Southbury Training School, supra, 1999 WL 20907, at *3–4. These factors should apply *a fortiori* to deny the amendment here, as both undue prejudice and inexcusable delay are present.

Three factors to be used in determining whether to grant a motion to amend are: "(1) injustice to the party opposing the motion if the motion is granted; (2) injustice to the moving party if leave to amend is denied; and (3) delay, as well as the reason why the moving party did not include in its original pleading the material sought to be included in the amended pleading." McDonnell v. Dean Witter Reynolds, Inc., 620 F.Supp. 152, 156 (D.Conn., 1985). The *most important* reason for denying leave to amend occurs, however, where, as here, the opposing party will be unduly prejudiced by an amendment to the pleading. Messier v. Southbury Training School, supra, 1999 WL 20907 at *3. "Courts must closely examine the nonmoving party's time and expenses spent preparing for trial in reliance on prior pleadings and the potential

expenses necessary to address issues raised by the proposed amendments. . . .
The burdens on the nonmoving party may be substantial where a proposed
amended complaint asserts new theories of liability." (Citations omitted.) Id.

A proposed amendment is particularly prejudicial when discovery has
already been completed. Id.; see also, Grant v. News Group Boston, Inc., 55
F.3d 1, 5-6 (1st Cir. 1995) (affirming denial of leave where plaintiffs filed Rule
15(a) motion after discovery was already complete and defendant had nearly
completed motion for summary judgment and "undoubtably was well into its
trial preparation").  Moreover, Rule 15(a) is not properly used to avoid the
granting of summary judgment on an otherwise non-meritorious claim.
McCarthy v. Dun & Bradstreet Corp., supra, 372 F.Supp.2d at 700.

## ARGUMENT

Upon reconsideration, this Court should vacate its prior decision and
deny the plaintiff's motion for leave to amend his complaint.  The plaintiff failed
to provide any justification or explanation whatsoever for his delay in bringing
this claim, which could have been brought at the inception of the case, prior to
the conclusion of discovery.  The plaintiff's assertion that the amendment will
not prejudice the defendant is simply wrong:  The plaintiff's amendment adds

an independent claim under Section 1981, which, although ostensibly premised on the same underlying facts as the plaintiff's original claims, requires a different analysis than those claims, significantly increases the statute of limitations from 180 days to three years, and alleges that the defendant acted with "reckless indifference" and "malice," which was not previously alleged.  At the time of the filing of the plaintiff's motion, Yale had concluded both written and deposition discovery and had begun preparing its motion for summary judgment on the plaintiff's claims on the basis of its defenses asserted at the beginning of this case.

If the plaintiff is permitted to bootstrap his new Section 1981 claim onto his original claims and relate it back to the filing of the original complaint, the defendant will be unduly prejudiced because it will be required to reopen discovery and re-depose the plaintiff due to the increased period of time at issue, as well as the new allegations that the plaintiff pleaded in support of his claim for punitive and compensatory damages for the Section 1981 claim, namely reckless indifference and malice.  The defendant also will be prejudiced because it already began preparing its motion for summary judgment and conducted its discovery with certain legal theories in mind on the basis of the

original pleadings.[3]  The plaintiff's motion for leave to amend should not have been granted, and this decision should be vacated on reconsideration.

A.    There Is No Credible Excuse That The Plaintiff Could Offer To Excuse His Undue Delay In Bringing A Claim Under 42 U.S.C. § 1981.

The plaintiff offered no excuse for his delay in bringing a claim against Yale under Section 1981, although it is undeniably his burden to provide an explanation in support of his motion to amend.  McCarthy v. Dun & Bradstreet Corp., supra, 372 F.Supp.2d at 700.  The plaintiff cannot provide any excuse here because there is none that exists.  Although ignorance of the law is no excuse for the plaintiff's delay in any event, Goss v. Revlon, Inc., supra, 548 F.2d at 407, the plaintiff here cannot colorably claim that he was unaware until now that a cause of action could have been brought under Section 1981. Moreover, the plaintiff cannot claim surprise that his claims are barred by the limitations period that apply to his claims under Title VII and CFEPA because the defendant specifically asserted a statute of limitations defense in its Answer and Affirmative Defenses, filed on August 25, 2005.

---

[3] Indeed, the fact that plaintiff's existing claims are barred by the statute of limitations was apparently so glaring as a result of his deposition testimony that his counsel sought the challenged amendment thereafter in a belated attempt to save his claims.

Rather than providing an excuse for his undue delay in bringing this new claim under Section 1981 and satisfying his burden for obtaining leave to amend, the plaintiff conceded that he was seeking the amendment only to preclude his claims from being time-barred (and subsequently dismissed by summary judgment) under the applicable statute of limitations.  The plaintiff does not even attempt to delude this Court with an assertion that his claims under Section 1981 are brought for any reason other than to save his otherwise time-barred claims in the original complaint.  Not only does the plaintiff's statement fail to explain why this claim could not have been brought earlier, but it supports a finding that his motion for leave to amend the complaint was made for an improper purpose, namely to circumvent the statute of limitations on the plaintiff's original complaint and avoid summary judgment.  See Messier v. Southbury Training School, supra, 1999 WL 20907, at *3–4.

The fact that the plaintiff's assessment of the merits and viability of his case has diminished in the face of the defendant's impending motion for summary judgment does not excuse the plaintiff's inordinate delay.  Because the facts and legal theories of the plaintiff's case have not changed and have

been known to the plaintiff since the inception of the cause of action, this Court should have reviewed with disfavor the plaintiff's request for leave to amend. <u>Block v. First Blood Assocs.</u>, <u>supra</u>, 988 F.2d at 350. Accordingly, the plaintiff's motion for leave to amend his complaint should not have been granted because he did even attempt to satisfy his burden of providing an excuse, and there is no such excuse that could explain his inordinate delay.

     B.    <u>The Plaintiff's Motion for Leave to Amend Should Have Been Denied Due To The Substantial Prejudice That The Amendment Will Cause To Yale, As Well As Undue Delay Of The Proceedings.</u>

Allowing the plaintiff to amend its complaint at this stage in the proceedings—without *any* explanation as to why this new claim was not filed with the original complaint—causes substantial prejudice to the defendant in this case and additionally delays the proceedings by necessitating further discovery and preventing the defendant from filing the motion for summary judgment it had begun to prepare.

The plaintiff's amended complaint was filed more than a year after his original complaint, and well over two years after he filed his complaint with the CCHRO. The defendant clearly raised the statute of limitations as a defense in its pleadings filed with the CCHRO, as well as in its Answer and Affirmative

Defenses filed with this Court on August 25, 2005.  The plaintiff had ample time prior to the close of discovery and the taking of his deposition to seek leave to amend his complaint by adding a claim under Section 1981.  Yet, the plaintiff waited to amend his complaint until after his deposition was taken— an event that was postponed *three times* at the plaintiff's behest—and after extensive written discovery had concluded.  This amendment will require the defendant to re-take the plaintiff's deposition, submit additional written discovery, and postpone filing the motion for summary judgment it had already begun to prepare (the impending motion should come as no surprise to the plaintiff, who conceded in his motion to amend that the amendment was necessary because his claims under Title VII are time-barred).

In McCarthy v. Dun & Bradstreet Corp., supra, 372 F.Supp.2d at 701, this Court denied, upon reconsideration, the plaintiff's motion for leave to amend its complaint by adding a new claim.  This Court explained that, to allow a new claim at that point in the litigation—specifically, after discovery had concluded and the defendant had filed for summary judgment—would have be unfair to the defendants because if the amendment were allowed, discovery would need to be reopened and the litigation would essentially start

over.  Id.  This Court reasoned, "[i]n the face of this prejudice to the defendants, the plaintiffs have not offered a sufficient explanation for why this amendment could not have been made at least prior to the close of discovery, let alone at the time they brought their initial or first-amended complaint.  In other words, the plaintiffs, faced with a strong summary judgment motion, seek to add an entirely new claim with insufficient explanation for the delay in raising that claim."  (Footnote omitted.)  Id.

This Court's reasoning in McCarthy applies here too.  In this case, although the defendant has not yet filed its motion for summary judgment, that is only a technicality because the plaintiff's new claim clearly was made to ward off an impending summary judgment motion made on the basis of, *inter alia*, the running of the statute of limitations.  The plaintiff freely admitted that he sought to bring a claim under Section 1981 because it has a more liberal statute of limitations period than Title VII, and that his claims are otherwise time-barred, but failed to provide any explanation whatsoever as to why this claim could not have been brought prior to discovery, prior to the October 1, 2005 deadline set forth in the parties' Rule 26(f) report, or at the time the original complaint was filed.  Therefore, as in McCarthy, the plaintiff is faced

with a strong summary judgment argument on the immediate horizon and seeks to avoid dismissal by filing an entirely new claim, without explaining his delay in bringing such claim after the conclusion of discovery.  A plaintiff's lack of diligence in bringing a claim of which he was aware at the inception of his case cannot excuse his lengthy delay in bringing that claim, particularly where, as here, the new claim causes the defendant to suffer undue prejudice.  See McCarthy v. Dun & Bradstreet Corp., supra, 372 F.Supp.2d at 701; see also Messier v. Southbury Training School, supra, 1999 WL 20907, at *3–4.

The plaintiff's claim that the defendant would not suffer any undue prejudice from its amendment is not true.  Yale has expended significant time and resources in defending the plaintiff's unfounded and time-barred claims and framed its now-completed discovery around those claims in support of its impending motion for summary judgment.  Allowing a claim to proceed under Section 1981, if it related back to the filing of the original complaint, increases the scope of the plaintiff's claims by more than two years and thereby requires the defendant to examine fully any alleged discriminatory acts within that time period.  In addition, the new Section 1981 claim permits the plaintiff to seek compensatory and punitive damages.  To establish a claim for these damages

under Section 1981, the plaintiff is required to prove that the defendant acted

with "reckless indifference" or "malice" to the plaintiff's federally protected

rights. Lewis v. State of Connecticut Dept. of Corrections, 355 F.Supp.2d 607,

627 (D.Conn. 2005) (Kravitz, J.).  These changes are not insignificant and will

require yet another extension of the court's scheduling order, which

modification must be weighed against the lenient standard for providing leave

to amend.[4]

Although Yale has demonstrated that it will in fact suffer undue

prejudice as a result of the plaintiff's amended complaint, its burden to show

prejudice is lessened by the plaintiff's lengthy unexplained delay in bringing

this claim.  Block v. First Blood Assoc., supra, 988 F.2d at 350; see also,

Messier v. Southbury Training School, supra, 1999 WL 20907, supra.

The defendant has demonstrated that it will suffer substantial undue

prejudice from the plaintiff's amendment, which he fails to justify with any

---

[4] See Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003) ("Where a
scheduling order has been entered, the lenient standard under Rule 15(a), which
provides leave to amend 'shall be freely given,' must be balanced against the
requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified
except upon a showing of good cause.' Fed.R.Civ.P. 15(a), 16(b). A finding of good
cause depends on the diligence of the moving party").  The plaintiff in this case has not
been diligent, and, therefore, good cause does not exist here.

explanation other than the attempt to resurrect his admittedly defunct claims.
As such, this Court should vacate its order granting the plaintiff's motion to
amend and deny said motion upon reconsideration.

CONCLUSION

The fact that the plaintiff has realized the fatal flaws in his case that
subject his claims to dismissal through summary judgment is not adequate
justification for adding a claim that will prejudice Yale and unduly delay the
proceedings in this case.  Accordingly, this Court should vacate its decision
granting the plaintiff's motion for leave to amend his complaint and, upon
reconsideration, deny said motion.

THE DEFENDANT,
YALE UNIVERSITY

By: _____
KEVIN C. SHEA (ct13781)
Clendenen & Shea, LLC
400 Orange Street
New Haven, Connecticut   06511
Tele:  203/787-1183
Fax:  203/787-2847
office@clenlaw.com

CERTIFICATION:

This is to certify that a copy of the foregoing was mailed postage prepaid

to Thomas W. Bucci, Esq., Willinger, Willinger & Bucci, P.C., 855 Main

Street, Bridgeport, Connecticut 06604 on the 21st day of July 2006.

_____

CLENDENEN & SHEA, LLC

Westlaw.

Not Reported in F.Supp.2d                                             Page 1

Not Reported in F.Supp.2d, 1999 WL 20907 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court, D. Connecticut.
Richard MESSIER, et al.
v.
SOUTHBURY TRAINING SCHOOL, et al.
**No. 3:94-CV-1706 (EBB).**

Jan. 5, 1999.

### RULING ON MOTION TO AMEND COMPLAINT

BURNS, Senior J.
*1 This ruling addresses the question of whether the plaintiffs may amend their Complaint a fourth time when they filed their Rule 15(a) motion to amend after the parties completed most discovery and the defendants FN1 had moved for summary judgment. Four years ago, plaintiffs brought a class action seeking injunctive relief against the defendants, alleging violations of the Due Process Clause of the Fourteenth Amendment, Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12132 (1997), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (1997), and 42 U.S.C. § 1983 for the deprivation of rights under Title XIX of the Social Security Act, 42 U.S.C. § 1396a et seq. (1997). Pursuant to the Court's scheduling orders, the parties closed discovery in March 1998, with some limited exceptions. In May 1998, all parties filed cross-motions for summary judgment. On July 8, 1998, plaintiffs moved to amend their complaint a fourth time pursuant to Federal Rule of Civil Procedure 15(a). For the following reasons, plaintiffs' motion to amend [Doc. No. 389] is granted in part and denied in part.

> FN1. The defendants are Southbury Training School ("STS"), the Director of STS, and the respective Commissioners of

the Department of Mental Retardation ("DMR"), the Department of Social Services ("DSS"), and the Department of Public Health ("DPH") (collectively "defendants").

### BACKGROUND

#### I. *Relevant Procedural Facts*

The Court summarizes only those facts necessary to reach a conclusion on this motion. This case began in October 1994. Since then, the Court has allowed plaintiffs to amend their Complaint on three occasions. Plaintiffs filed their First Amended Complaint on October 13, 1994, their Second Amended Complaint on January 4, 1996, and their Third Amended Complaint on September 20, 1996.

On November 25, 1996, the Court issued a scheduling order establishing deadlines for the completion of discovery and the filing of dispositive motions. Over the next eight months, the Court granted seven extensions of deadlines, allowing the parties more time to complete these matters. After issuing two revised scheduling orders on August 14, 1997 and November 26, 1997, the Court granted twelve more extensions of time for the completion of discovery and the filing of dispositive motions. Pursuant to these scheduling orders, the parties closed most discovery in March 1998. On May 20, 1998, plaintiffs moved for partial summary judgment pursuant to Federal Rule of Civil Procedure 56. DMR, DPH, and DSS also moved for summary judgment on this date. On July 8, 1998, plaintiffs filed this motion, seeking to amend their Complaint a fourth time.

#### II. *Changes Made by Proposed Fourth Amended Complaint*

Plaintiffs' Proposed Fourth Amended Complaint

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                        Page 2

Not Reported in F.Supp.2d, 1999 WL 20907 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

clearly makes three major changes to the Third
Amended Complaint. First, the Proposed Fourth
Amended Complaint adds June Woods as a new
named plaintiff. (Proposed Fourth Am. Com pl. ¶¶
36-44.) Plaintiffs argue that defendants have placed
all but one of the individual named plaintiffs into
the community. Because some of plaintiffs' claims
focus on community placement issues, the addition
of June Woods is necessary to ensure that there are
named plaintiffs with representative claims
throughout this litigation.

**\*2** The second set of changes modifies plaintiffs'
claim for a violation of due process based on DPH's
policies governing the potential issuance of Do Not
Rescussitate orders ("DNR orders") on
nonterminally ill class members. Plaintiffs' Third
Amended Complaint states in relevant part:
Do Not Rescussitate orders are imposed as a matter
of course on many STS residents who are admitted
to community medical facilities for treatment
because DPH has developed and enforced standards
which permit private physicians to write DNR
orders on nonterminally ill classmembers. This
policy conflicts with DMR's policy that DNR
Orders should not be written until DMR reviews the
case. Many of these Do Not Rescussitate Orders
needlessly subject plaintiffs to an increased risk of
death.

[T]he defendant Harriman has violated the right of
plaintiff classmembers to life without due process of
law by developing and enforcing standards which
permit community hospitals to write and implement
DNR Orders on nonterminally ill classmembers
without any process to ensure that the decision to
withhold routine medical care is consistent with the
wishes of the classmember.

(Third Am. Compl. ¶¶ 76, 86(j).) In contrast,
plaintiffs' Proposed Fourth Amended Complaint
states the following:[T]he defendants have violated
the right of plaintiff classmembers to life without
due process by developing and enforcing standards
which permit private DPH-licensed providers and
STS personnel to write and implement DNR Orders
in a manner that is not consistent with DMR policy

(Medical Advisory # 87-2). Moreover, the practice
of allowing DNR Orders to be retained in the
classmembers' files for months and years prior to
the terminal event exposes them to a substantial risk
of harm.

(Proposed Fourth Am. Compl. ¶ 95(j).) While the
Third Amended Complaint charges DPH with a due
process violation based on its policies governing the
issuance of DNR orders, the Proposed Fourth
Amended Complaint expands this claim to include
all "defendants." In addition, the Proposed Fourth
Amended Complaint expands this claim from DNR
orders written on "nonterminally ill classmembers"
to include orders for any class member.

The third set of changes incorporated in the
Proposed Fourth Amended Complaint expands
plaintiffs' claims brought under Title XIX of the
Social Security Act ("Medicaid Act"). The
Proposed Fourth Amended Complaint asserts a new
claim, not found in the Third Amended Complaint,
that DMR, DPH, and DSS violate the Medicaid Act
by "failing to provide written documentation of the
policy on advance directives to classmembers and
their guardians and obtain informed consent to
DNR procedures when used on classmembers."
(Proposed Fourth Am. Compl. ¶ 97.)

DISCUSSION

*I. Standard of Review for Rule 15(a) Motion to
Amend*

Federal Rule of Civil Procedure 15(a) provides that
a party may amend a pleading "once as a matter of
course at any time before a responsive pleading is
served." After a responsive pleading has been
served, litigants may amend a pleading "only by
leave of court or by written consent of the adverse
party." *Id.* In these situations, leave to amend
pleadings "shall be freely given when justice so
requires." *Id.* In *Foman v. Davis,* 371 U.S. 178
(1962), the Supreme Court explained that district
courts must evaluate Rule 15(a) motions to amend
under the following standard:
**\*3** In the absence of any apparent or declared

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 1999 WL 20907 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rule requires, be 'freely given.¹

*Id.* at 182. The propriety of granting a motion to amend remains within the sound discretion of the district court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-31 (1971); *Quaker State Oil v. Garrity Oil,* 884 F.2d 1510, 1517 (1st Cir.1989).

District courts may deny leave to amend where the motion is made after an inordinate delay, the movant offers no adequate excuse for the delay, and the nonmovant would suffer undue prejudice. *See, e.g., Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990); *Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wassau,* 786 F.2d 101, 103 (2d Cir.1986); *Manzoli v. Commissioner of Internal Revenue,* 904 F.2d 101, 107 (1st Cir.1990); *Johnson v. Methodist Med. Ctr. of Ill.,* 10 F.3d 1300, 1303-04 (7th Cir.1993). Where considerable time has elapsed between the filing of the complaint and the motion to amend, the moving party has the burden to provide a satisfactory explanation for the delay, *see Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 46-48 (2d Cir.1983); *Grant v. News Group Boston, Inc.,* 55 F.3d 1, 5-6 (1st Cir.1995), and the courts may conclude that ignorance of the law is an unsatisfactory excuse. *See Goss v. Revlon, Inc.,* 548 F.2d 405, 407 (2d Cir.1976).

"[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir.1986) (affirming denial of leave to add a new claim known since the beginning of the case); *accord Evans,* 704 F.2d at 46-48 (affirming denial of leave to amend where defendant sought to add an affirmative defense it could have asserted over two years earlier). While mere delay, absent a showing of bad faith or undue prejudice, does not provide a basis

for denial of leave to amend, *see State Teachers Retirement Bd. v. Fluor Corp .,* 654 F.2d 843, 856 (2d Cir.1981), the "longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice. " *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993) (quoting *Evans,* 704 F.2d at 47).

Perhaps the most important reason for denying leave to amend occurs when the opposing party will be unduly prejudiced by an amendment to the pleading. *See Marine Midland Bank v. Keplinger & Assocs., Inc.,* 94 F.R.D. 101, 103 (S.D.N.Y.1982). Courts evaluate undue prejudice by considering whether the amendment would: (1) require the opponent to spend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction. *See Block,* 988 F.2d at 350; *Tokio Marine & Fire Ins.,* 786 F.2d at 103. In this regard, courts must closely examine the nonmoving party's time and expenses spent preparing for trial in reliance on prior pleadings and the potential expenses necessary to address issues raised by the proposed amendments. *See Zenith Radio,* 401 U.S. at 330-31. The burdens on the nonmoving party may be substantial where a proposed amended complaint asserts new theories of liability or "brings in additional actors" who " took alleged actions or (inactions) that are distinct from the allegations raised in the" prior complaint. *Johnson,* 10 F.3d at 1304.

*4 The classic situation where courts deny leave to amend arises when a party files a Rule 15(a) motion *after* discovery has been completed or the nonmoving party has filed for summary judgment. *See, e.g., Cresswell,* 922 F.2d at 72 (affirming denial of leave to file third amended complaint after the nonmovant had filed for summary judgment and discovery had been completed, and more than 17 months after commencement of the action); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985) (affirming denial of leave to amend where proposed new claims were raised after discovery had been completed and nonmoving party had filed for summary judgment); *Overseas Inns S.A. P.A. v. United States,* 911 F.2d 1146, 1151 (5th

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                        Page 4

Not Reported in F.Supp.2d, 1999 WL 20907 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

Cir.1990) (affirming denial of leave to amend where motion was filed two and a half years after commencement of the action, after the opposing party had moved for summary judgment, and extensive pre-trial proceedings had taken place); *Grant,* 55 F.3d at 5-6 (affirming denial of leave where plaintiffs filed a Rule 15(a) motion after " discovery was already complete" and the defendant "had nearly completed its motion for summary judgment and undoubtedly was well into its trial preparation").[FN2]

> FN2. *Cf. State Teachers Retirement Bd.,* 654 F.2d at 848, 856 (reversing denial of repleading three years after the complaint had been filed because neither party had filed a summary judgment motion and the amendment would not create a great deal of additional discovery).

## II. *New Named Plaintiff*

The Proposed Fourth Amended Complaint adds June Woods as a new named plaintiff. Since this litigation began, the defendants have transferred all but one of the individual named plaintiffs from STS into a community placement. Plaintiffs argue that this places their case in jeopardy because several of their claims focus on community placement issues. Without a new named plaintiff, the plaintiffs could be left without a named plaintiff with representative claims of the class, after over four years of litigation. The Court agrees.

Although plaintiffs filed this amendment late in the litigation, they possess a satisfactory explanation for the delay-the defendants have placed all but one of the named plaintiffs in the community, thereby jeopardizing the future certification of the plaintiff class regarding claims based on community placement issues. More importantly, the defendants will suffer little prejudice from the addition of a named plaintiff. The amendment will not cause the defendants to spend significant additional resources to conduct further discovery and prepare for trial. Moreover, the amendment will not significantly delay the resolution of this suit. Finally, the addition of a named plaintiff will have no impact on the

outcome of the Court's ruling on the parties' cross-motions for summary judgment. As a result, the Court will allow plaintiffs to amend their Complaint for the sole purpose of adding June Woods as a named plaintiff.

## III. *All Other Changes*

On the other hand, the Court denies plaintiffs' motion to amend their Complaint to include any other changes made in the Proposed Fourth Amended Complaint. In this regard, the Proposed Fourth Amended Complaint contains two substantive changes from the Third Amended Complaint. First, while the Third Amended Complaint charges DPH with a violation of due process based on the agency's policies governing the issuance of DNR orders, (Third Am. Compl. ¶ ¶ 76, 86(j)), the Proposed Fourth Amended Complaint expands this claim to include all " defendants." (Proposed Fourth Am. Compl. ¶ 95(j).) In addition, the Proposed Fourth Amended Complaint expands this claim from DNR orders written on "nonterminally ill classmembers" to include an order for any class member. Second, the Proposed Fourth Amended Complaint asserts a new claim that DMR, DPH, and DSS violate the Medicaid Act by "failing to provide written documentation of the policy on advance directives to classmembers and their guardians and obtain informed consent to DNR procedures when used on classmembers." (Proposed Fourth Am. Compl. ¶ 97.) The Court refuses to allow these amendments because they have been filed at a late stage of litigation without an adequate explanation, they would require additional discovery and would result in an unnecessary delay of trial, and they would unfairly prejudice the defendants who relied upon prior pleadings in constructing their motions for summary judgment.

**\*5** "There must be a point at which plaintiff makes a commitment to the theory of its case." *Johnson,* 10 F.3d at 1304. The Proposed Fourth Amended Complaint asserts a new theory of liability based on the Medicaid Act and brings in additional actors who took alleged actions or inactions that are distinct from the allegations raised in the Third

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 5

Not Reported in F.Supp.2d, 1999 WL 20907 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

Amended Complaint. However, plaintiffs could have asserted the new legal theories and allegations contained in the Proposed Fourth Amended Complaint *before* all of the parties filed cross-motions for summary judgment. *See Acri,* 781 F.2d at 1398-99; *Evans,* 704 F.2d at 46-48. Plaintiffs have had over four years and the benefit of substantial discovery, as well as several extensions of time, to construct their case to be tested at trial. In sum, plaintiffs filed these amendments after the defendants moved for summary judgment and most discovery was completed, without an adequate explanation for the delay.

The changes in the Proposed Amended Complaint also would unfairly prejudice the defendants in several ways. First, discovery would have to be reopened in order to allow the defendants to respond to the new allegations that were not contained in the Third Amended Complaint. As a result, the defendants would be forced to expend significant additional resources. *See Zenith Radio,* 401 U.S. at 330-31; *Block,* 988 F.2d at 350. Furthermore, this necessarily would cause a delay in trial. *See Tokio Marine & Fire Ins.,* 786 F.2d at 103 . Second, the amendments would allow plaintiffs to avoid summary judgment when the defendants filed these motions in reliance upon prior pleadings. Indeed, courts repeatedly prevent plaintiffs from using Rule 15(a) to avoid summary judgment. *See, e.g., Schlacter-Jones v. General Tele. of Cal.,* 936 F.2d 435, 443 (9th Cir.1991) (affirming denial of repleading more than one year after commencement of the action, where the nonmovant had filed for summary judgment and the parties had conducted discovery); *Johnson,* 10 F.3d at 1303-04 (affirming denial of leave to file a third amended complaint four years after suit was begun, where the defendant had moved for summary judgment and additional discovery would be required); *Acri,* 781 F.2d at 1398-99 (affirming denial of Rule 15(a) motion " brought to avoid the possibility of an adverse summary judgment ruling" and that would have required "further discovery").

For these reasons, the Court denies plaintiffs' motion to amend their Complaint to incorporate any changes made in their Proposed Fourth Amended

Complaint other than the addition of a new named plaintiff.

CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend [Doc. No. 389] is granted in part and denied in part. The Court's ruling may be summarized as follows: (1) plaintiffs may amend their Complaint to add June Woods as a new named plaintiff; and (2) plaintiffs may not amend their Complaint to incorporate any other changes made in their Proposed Fourth Amended Complaint. Hence, with the exception of the addition of June Woods, the Third Amended Complaint remains the operative document.

**\*6** SO ORDERED.

D.Conn.,1999.
Messier v. Southbury Training School
Not Reported in F.Supp.2d, 1999 WL 20907 (D.Conn.)

Briefs and Other Related Documents (Back to top)

• 3:94cv01706 (Docket) (Oct. 06, 1994)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.